### BUTLER v. CATLING.

A parol agreement cannot operate to defeat a deed.

A respondent is not obliged to disclose anything that is irrelevant, or that will impeach him of a crime.

A petitioner may not impeach by other proof, the testimony of the respondent, to whom he has appealed, for a disclosure of the truth on oath.

PETITION in chancery — showing that in an action of debt on book he recovered a judgment against Nathaniel Bruce by default for £200, for which he had execution, and levied

it on land which belonged to said Nathaniel, he having no other property; that said Catling had a clear deed of said land upon record, previous to his levy; that said deed is only a pledge to secure to said Catling a debt for less than the value of said land; that there is an agreement or defeasance given by said Catling to said Bruce, which lies in the private knowledge of said Catling, that upon said Nathaniel's paying said Catling his debt, he should reconvey said land to said Nathaniel; and prays that said Catling may be examined upon oath, touching said agreement and defeasance, he having no proof otherwise of said transaction; and having tendered to him £30 in lawful money, and £30 in state bills, which is in full of the debt due to said Catling, he prays said Catling may be decreed to release said land to him, etc. Also he agreed to waive any forfeiture which might be incurred by said transaction.

Catling appeared and was sworn; and declared that he had given said Nathaniel no obligation or defeasance, whereby he was holden to reconvey said lands upon any terms whatever; but that said deed was an absolute deed, as it imported to be.

Question by Butler — Was there no parol agreement to that effect? This question was objected to, as the answer, if in the affirmative, would be irrelevant; for no parol agreement can control or defeat a deed. By the court — The question is improper.

Second question put to the court was — Whether Catling was obliged to disclose any circumstances of fraud relative to said deed? By the court — He is not; for there is no such allegation in the petition.

Third question — Whether the petitioner may introduce other evidence to show that said Catling had told a different story? By the court — He may not; for he has appealed to Catling's conscience and put his cause upon his testimony; and it is not competent for him to impeach it or help it out by the testimony of others.

Petition negatived.